Martin C. Dolan, OSB No. 872053
martin@dolanlawgroup.com
DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, Oregon, 97213
Telephone: (503) 227-2377
Fax: (503) 427-1900
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF KOBEN HENRIKSEN, by and through Frederick M. Henriksen, Personal Representative of the Estate of Koben Henriksen, and FREDERICK M. HENRIKSEN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF PORTLAND, a municipality, and JUSTIN RAPHAEL, an individual,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Civil Rights Action (42 U.S.C. § 1983); Battery and Wrongful Death (State Tort)<br><br>**JURY TRIAL REQUESTED** |

**PARTIES**

1.

Koben Henriksen was a 51 year-old man who had been living in the Portland metro area. He was shot and killed by Portland Police Officer Justin Raphael on December 8, 2019, and died intestate.

///

///

///

1 –   COMPLAINT

2.

Frederick M. Henriksen, Plaintiff, is the father of Koben Henriksen and a citizen of the State of Oregon. He was appointed Personal Representative of the Estate of Koben Henriksen in Multnomah County Circuit Court on June 8, 2020, Case No. 20PB02665.

3.

Defendant City of Portland ("Defendant City") is a political subdivision of the State of Oregon, and it administers law enforcement through the Portland Police Bureau ("PPB").

4.

Defendant Justin Raphael ("Defendant Raphael") was at all times an officer with the PPB.

**JURISDICTION & VENUE**

5.

This action is timely filed pursuant to HB 4212 (2020), Sec. 7, which extended all statutes of limitation for civil causes of action during the declaration of a state of emergency issued by the Governor related to COVID-19, and for 90 days after the declaration and any extension is no longer in effect. A state of emergency related to COVID-19 was declared by Executive Order No. 20-03 on March 8, 2020, and was continuously extended by subsequent Executive Orders, including Exec. Order 21-10, which extended the state of emergency to June 28, 2021, and Exec. Order 21-15, which extended the state of emergency to Dec. 31, 2021.

6.

Plaintiffs and Defendants entered into a Tolling Agreement ("the Agreement") on approximately December 7, 2021. As a result, the Agreement tolls any applicable statute of limitations for all of Plaintiff's claims against Defendant through March 4, 2022.

7.

This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§1331, 1343. The court has supplemental jurisdiction over the State tort claims pursuant to 29 U.S.C. § 1367(a).

///

8.

Venue is proper in the District of Oregon, pursuant to 28 U.S.C. § 1391(b), because all of the events giving rise to this claim occurred in this judicial district.

## PROCEDURAL REQUIREMENTS

9.

The Estate of Koben Henriksen gave notice of claim for damages under the Oregon Tort Claims Act within one year of Henriksen's death, pursuant to ORS 30.275.

## GENERAL ALLEGATIONS

### Background

10.

In 2012, the United States Department of Justice ("USDOJ") issued findings that Defendant City of Portland's PPB was engaged in "a pattern and practice of unnecessary or unreasonable force during interactions with people who have or are perceived to have mental illness." USDOJ further concluded that this pattern and practice of unconstitutional excessive force was directly related to Defendant City of Portland and PPB's "deficiencies in policy, training, and supervision."

11.

The investigation by USDOJ was "prompted in part by the high number of officer involved shootings that involved people with mental illness." USDOJ found that, "[i]n the last three years, PPB officers have used deadly force 12 times, nine of which involved people affected by mental illness." Since 2012 and up to the time of this lawsuit, Defendant City of Portland's PPB and its officers have used deadly force at least 22 times. At least 14 of those incidents involved the killing of individuals who had or were perceived to have had mental illness.

///

///

3 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

12.

USDOJ filed a lawsuit against Defendant City of Portland and entered into a settlement agreement requiring improvements in data collection, training, and oversight. The settlement agreement is still in effect at the time this lawsuit was filed.

13.

In addition to its history of excessive force against persons with actual or perceived mental illness, Defendant City of Portland's PPB engages in a pattern and practice of over-policing houseless people. In 2019, the year in which Koben Henriksen was killed, more than 50% of arrests made in Portland were of people experiencing houselessness, despite representing less than 1% of Portland's population.[1] The vast majority of these arrests were for non-violent crimes.

14.

Defendant City of Portland's PPB promulgates policies, or "directives," for its officers to follow, and gives notice to the public of these directives on its website. These directives define when and how officers can use force. Officers are to "place[] a high value on resolving confrontations, when practical, with less force than the maximum that may be allowed by law." PPB Directive 1010.00 Policy 8. The Directives further demand that its officers "recognize that their approach to confrontations may influence whether force becomes necessary and the extent to which force must be used." *Id.* at 1010.00.2.2.1.

///

///

---

[1] Maggie Vespa, <u>'What Would it Take?': Report on Homeless Arrests Sparks Debate in Portland Mayor's Race</u> (October 26, 2020) *available at* https://www.kgw.com/article/news/local/homeless/portland-arrests-2019-homeless-mayor-race/283-abe6c46f-6e91-405d-88f8-c315f718fad7; Molly Harbarger, <u>Booking Homeless Portlanders into Jail is Endless, Expensive Cycle that Arrests Don't Curb, But Housing Does</u> (October 25, 2020) *available at* https://www.oregonlive.com/crime/2020/10/booking-homeless-portlanders-into-jail-is-endless-expensive-cycle-that-arrests-dont-curb-but-housing-does.html?utm_campaign=oregonian_sf&utm_source=twitter&utm_medium=social.

4 –    COMPLAINT

15.

PPB directives also prohibit officers from engaging in "biased-based policing." See PPB Directive 0344.05. Namely, an officer is "prohibited from taking or not taking any police-action motivated by bias or profiling. *Id.* at Policy 4. PPB directives also inform officers that they are "expected to recognize signs and symptoms that may suggest a mental illness as well as behaviors that are indicative of mental health crisis." Directive 850.20 Policy 3. Officers are to "de-escalate" in such circumstances "to maximize the likelihood of a safe outcome for members, individuals, and the community." *Id*. Officers are to "[d]isengage with a plan to resolve later... to reduce undue safety risk to the member, the involved persons, or others." Directive 850.20.2.1.3.4.

**Koben Henriksen**

16.

Koben Henriksen was a houseless individual who suffered from mental health issues.

17.

On November 14, 2019, Koben Henriksen was suffering from mental health issues at SE 103rd and SE Stark Street in Portland, OR. Defendant Raphael and PPB Officer Ben Davidson were at the same intersection. Koben Henriksen called out to Defendant Raphael, but was nonresponsive to Defendant Raphael's questions and exhibited a blank expression. Koben Henriksen wore a blanket around his shoulders and after a few minutes, he pushed back his blanket to reveal a knife in each of his hands. Koben Henriksen told Defendant Raphael that he was going to kill him. Defendant Raphael and, later, Officer Davidson, gave Koben Henriksen repeated commands to drop the weapons while Koben advanced toward them. Eventually, Officer Davidson convinced Koben Henriksen to put down the knives and sit on a nearby bench. Defendant Raphael and Officer Davidson placed Koben Henriksen on a Peace Officer Hold and took him to a nearby hospital for mental health services.

///

///

5 –    COMPLAINT

18.

On December 8, 2019, Koben Henriksen was suffering from mental health issues at SE 103rd and SE Stark Street. Defendant Raphael responded to the scene with other officers. The officers staged at a location near the scene, setting a plan for the encounter with Henriksen. At this time or on route to the scene, Defendant Raphael informed others that he believed Henriksen was the same person he had a previous encounter with, referencing the November 14, 2019 incident.

19.

The officers, including Defendant Raphael, arrived on the scene shortly before 2:40 p.m., and escalated the contact with Koben Henriksen by driving their vehicles to a stop within very close proximity to him, drawing their weapons and aiming at him, and shouting commands at him.

20.

Witnesses described Henriksen as walking toward the officers at a slow or moderate pace with his arms down. Some witnesses described seeing a small knife in one or both hands, but none described Henriksen threatening anyone with a knife, or assaulting any persons.

21.

Because of Defendant Raphael's previous encounter with Koben Henriksen, Defendant Raphael and other officers knew or should have known there was a substantial probability that Koben Henriksen was a houseless individual suffering from serious mental distress, but was responsive to de-escalation techniques, and had accepted transfer to medical treatment for his illness when offered.

22.

Officer Daniel Leonard was another officer who arrived at the scene. Before he got out of his car, he decided he was going to use his less lethal, 40 foam tip launcher to attempt to de-escalate the situation with Koben Henriksen. Officer Leonard fired his less lethal launcher. However, at the same time, Defendant Raphael shot Koben Henriksen.

6 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

23.

Therefore, instead of attempting to de-escalate the encounter, or to first use less than lethal force, Defendant Raphael shot Henriksen three times at approximately 2:40 p.m., twice in the torso and once in the head.

24.

The shooting was fatal. Koben Henriksen suffered damage to internal organs, bone, and spine, and experienced hemorrhaging and clotting resulting from those injuries prior to death.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Fourth Amendment Violation, Excessive Force)
### (Against Defendant Raphael)

25.

Plaintiffs reallege the facts in paragraphs 1 through 25 above.

26.

At all material times, Henriksen had a protected liberty interest under the Fourth Amendment to not be subjected to an unreasonable seizure of his person by means of unnecessary or excessive force.

27.

At all material times, Defendant Raphael lacked knowledge of facts sufficient to support an objectively reasonable belief that Koben Henriksen posed an immediate threat of bodily harm to any person.

28.

At all material times, Defendant Raphael was in possession of facts that would cause a reasonable law enforcement officer to believe that Koben Henriksen's behavior was likely attributable to emotional disturbance or mental illness.

///

///

///

7 –   COMPLAINT

29.

Defendant Raphael violated Koben Henriksen's Fourth Amendment rights by use of unnecessary and excessive force, including but not limited to failing to deescalate a circumstance where Koben Henriksen was clearly demonstrating signs of mental illness and distress and in using a gun when only faced with one or two knives.

30.

As a direct result of Defendant Raphael's violations of Koben Henriksen's Fourth Amendment rights, Koben Henriksen died and his father, the beneficiary of his estate, is entitled to recover non-economic damages for the loss of his society, companionship and services in an amount to be determined at trial, and economic damages for the pecuniary loss to Koben Henriksen's estate in an amount to be proved at trial.

31.

Pursuant to 42 U.S.C. §1988, plaintiffs are entitled to recover their reasonable attorney fees and costs.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – Unlawful Pattern and Practice – *Monell* Claim)**
**(Against City of Portland)**

32.

Plaintiffs reallege the facts alleged in paragraphs 1 through 25 above.

33.

As described above in Plaintiffs First Claim for Relief, Defendant Raphael violated Koben Henriksen's constitutional right to be free from unconstitutional excessive force.

34.

Defendant Raphael's conduct is illustrative of a pattern and practice of Defendant City of Portland's PPB officers violating the Fourth Amendment rights of individuals experiencing mental illness and houselessness.

///

8 –    COMPLAINT

35.

Defendant City of Portland does not have adequate supervisory review of incidents where officers use force that would correct patterns of excessive force in a timely fashion, and rarely categorizes excessive force as out of policy even when the force is clearly excessive, as found by the USDOJ, who released the findings from its investigation of Defendant City of Portland's PPB in September 2012. Defendant Raphael received no training or discipline for violating clearly established PPB directives in place to prevent excessive force situations like what happened to Koben Henriksen. Defendant City of Portland has effectively condoned this practice by repeatedly failing to correct it.

36.

Defendant City of Portland failed to train and discipline its officers, including Defendant Raphael, in following directives, as described above. As a result, Defendant Raphael engaged in excessive force with no attempt at de-escalation, which resulted in the killing of Koben Henriksen.

37.

As a direct result of Defendant City's violations of Koben Henriksen's Fourth Amendment rights, Koben Henriksen died and his father, the beneficiary of his estate, is entitled to recover non-economic damages for the loss of his society, companionship and services in an amount to be determined at trial, and economic damages for the pecuniary loss to Koben Henriksen's estate in an amount to be proved at trial.

38.

Pursuant to 42 U.S.C. §1988, plaintiffs are entitled to recover their reasonable attorney fees and costs.

///

///

///

///

9 –     COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

## THIRD CLAIM FOR RELIEF
**(42 U.S.C. §1983 - Violation of Fourteenth Amendment Rights to Familial Association)**
**(Against All Defendants)**

39.

Plaintiffs reallege the facts alleged in paragraphs 1 through 25 above.

40.

As alleged above in Plaintiffs First and Second Claims of Relief, Defendants violated Koben Henriksen's rights under the Fourth Amendment, resulting in his death.

41.

Plaintiff Frederick Henriksen possesses a Fourteenth Amendment liberty interest in his familial association with his son, Koben Henriksen.

42.

Defendants acted with deliberate indifference to Koben Henriksen's right to be free from unnecessary and excessive force, and the familial association rights of Fredrick Henriksen, by deliberately choosing an approach that escalated the encounter instead of de-escalating it, and subjecting Koben Henriksen to a fatal shooting prior to attempting less than lethal force.

43.

As a direct result of Defendant City's violations of Koben Henriksen's Fourth Amendment rights, Koben Henriksen died, and Frederick Henriksen was deprived of the right to familial association with his son. Frederick Henriksen has suffered the loss of his son's companionship, society and services of his son. He has suffered non-economic damages in an amount to be determined at trial, and economic damages in an amount to be proved at trial.

44.

Pursuant to 42 U.S.C. §1988, plaintiff is entitled to recover his reasonable attorney fees and costs.

///

///

10 –    COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

## FOURTH CLAIM FOR RELIEF

### (Battery)

### (Against All Defendants)

45.

Plaintiffs reallege the facts alleged in paragraphs 1 through 25 above.

46.

Defendants intentionally caused harmful and offensive physical contact with Koben Henriksen by shooting him in the torso and head, an act that was unnecessary, unreasonable and excessive.

47.

Plaintiffs have been damaged as a result of Defendants' battery, and are entitled to recover non-economic damages for the mental pain, suffering and distress suffered by Koben Henriksen between the time Defendants commenced their use of force and the time of his death, in an amount to be determined at trial. Koben Henriksen's estate is also entitled to reasonable compensation for pecuniary loss to in an amount to be proved at trial. Frederick Henriksen is also entitled to reasonable compensation for the loss of society, companionship and services of Koben Henriksen, in an amount to be determined by a jury at trial.

## FIFTH CLAIM FOR RELIEF
### (Wrongful Death)
### (Against All Defendants)

48.

Plaintiffs reallege the facts alleged in paragraphs 1 through 25 above.

///

///

///

///

11 –   COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

49.

As alleged in Plaintiffs First and Second Claims for Relief, Defendant City of Portland failed to train and discipline its officers, including Officer Raphael, in following directives. Because of Defendant City of Portland's failure, it was foreseeable that Defendant Raphael would engaged in unreasonable practices or excessive force that would end in Koben Henriksen's death.

50.

Failing to train and discipline its officers is unreasonable given the grave risk of severe harm to the public, and to Koben Henriksen.

51.

At all material times, it was reasonably foreseeable that Defendants' immediate escalation of their encounter with Koben Henriksen while he was suffering a mental health crisis, without attempting de-escalation or less than lethal force prior to using lethal force, would create a substantial risk of injury or death to Koben Henriksen.

52.

Defendants were negligent by failing to attempt de-escalation but instead actively escalated the encounter in manner of approach, immediate aiming of weapons and shouted voice commands, and by failing to attempt use of less than lethal force prior to exerting lethal force.

53.

As a direct result, Koben Henriksen was fatally shot.

///
///
///
///
///
///
///

12 –   COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900

54.

Plaintiffs have been damaged as a result, and are entitled to recover non-economic damages for the mental pain, suffering and distress suffered by Koben Henriksen between the time Defendants commenced their use of force and the time of his death, in an amount to be determined at trial. Koben Henriksen's estate is also entitled reasonable compensation for pecuniary loss to in an amount to be proved at trial. Frederick Henriksen is also entitled to reasonable compensation for the loss of society, companionship and services of Koben Henriksen, in an amount to be determined by a jury at trial.

DATED this 2nd day of March, 2022.

        DOLAN LAW GROUP PC

By:   */s/ Martin C. Dolan*
      Martin C. Dolan, OSB No. 872053
      Of Attorneys for Plaintiff
      Dolan Law Group PC
      4300 N.E. Fremont, Suite 250
      Portland, Oregon 97205
      Telephone: 503-227-2377
      Fax: 503-427-1900
      Email: martin@dolanlawgroup.com

13 –   COMPLAINT

DOLAN LAW GROUP PC
4300 NE Fremont, Suite 250
Portland, OR 97213
Phone: (503) 227-2377
Fax: (503) 427-1900